Filed 7/30/14  P. v. Dorrough CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> ALTON EUGENE DORROUGH, <br><br> Defendant and Appellant. | F067238 <br><br> (Super. Ct. No. VCF267446) <br><br> **OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Tulare County.  Darryl B. Ferguson, Judge.

Rebecca P. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Rebecca Whitfield, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*      Before Cornell, Acting P.J., Kane, J. and Detjen, J.

Defendant Alton Eugene Dorrough was convicted by plea agreement of several counts related to sexual abuse of a minor. On appeal, he contends a $1,000 restitution fine imposed by the trial court was not applicable to his case. The People concede and we agree. Accordingly, we will strike the fine.

## PROCEDURAL SUMMARY

On May 9, 2012, the Tulare County District Attorney charged defendant with 23 counts of various types of sexual abuse against a minor. He initially pled not guilty to all counts. Then the prosecutor agreed to accept a plea deal of 25 years. Over the prosecutor's objection, however, the trial court reduced the offer to 20 years. Defendant accepted the offer and pled no contest to all counts.

About one month later, the prosecutor informed the court that because some of the counts required consecutive terms, the 20-year sentence was not possible.

Defendant withdrew his plea and accepted a new offer of 25 years, pleading no contest to count 15 (Pen. Code, § 288, subd. (b)(1)),[1] count 16 (§ 288, subd. (b)(1)), count 17 (§ 288, subd. (a)), and a new count 24 (§ 288.3, subd. (a)). The court dismissed the remaining counts. The court imposed various fines and fees, including a $1,000 restitution fine pursuant to section 294, subdivision (b).[2]

## DISCUSSION

Section 294, subdivision (b) provides:

"Upon conviction of any person for a violation of Section 261, 264.1, 285, 286, 288a, or 289 where the violation is with a minor under the age of 14 years, the court may, in addition to any other penalty or restitution fine imposed, order the defendant to pay a restitution fine based

---

[1]     All statutory references are to the Penal Code.

[2]     The court stated: "Pursuant to Penal Code Section 294[, subdivision ](b), [defendant is] ordered to pay $1,000. That's to be collected by the Department of Corrections who shall deposit such amounts as received into the California Children's Trust Fund for the purposes of child abuse … prevention."

2.

on the defendant's ability to pay not to exceed five thousand dollars ($5,000), upon a felony conviction, or one thousand dollars ($1,000), upon a misdemeanor conviction, to be deposited in the Restitution Fund to be transferred to the county children's trust fund for the purpose of child abuse prevention."

Under the final plea agreement, defendant was not convicted of any of the crimes listed in section 294, subdivision (b). Therefore, as the parties agree, the restitution fine imposed under that section must be stricken.

## DISPOSITION

The $1,000 restitution fine imposed pursuant to section 294, subdivision (b) is stricken. In all other respects, the judgment is affirmed. The superior court is directed to prepare an amended abstract of judgment and forward certified copies to the appropriate entities.

3.